JUSTINA ZAPATA, *née* JUSTINA LUCIANO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 799. Submitted February 8, 1930.—Decided February 12, 1930.

*Ricardo del Toro Soler,* for appellant. The registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 91 of the Code of Civil Procedure provides that:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. . ."

A registrar of property refused to record a notice, filed

in accordance with the terms of this section, on the ground that the property in question had not been recorded.

*Velázquez* v. *Registrar of Guayama*, 27 P.R.R. 250, does not hold, as suggested by the ruling now before us, that the entry contemplated by section 91 must be made in the form of a marginal note. That method was there commended as more in harmony with the purpose of the law than another method proposed by the registrar. The doctrine announced in the *Velázquez* case does not preclude the adoption of an alternative course when the marginal note is not feasible.

That section 91, *supra*, does not require the giving of a bond as in the case of an attachment does not distinguish the instant case from *Sobrinos de Villamil* v. *Registrar of San Juan*, 32 P.R.R. 502. Whether or not the notice of *lis pendens* and the writ of attachment should be governed by the same rule is a question for the Legislature.

Here, as in the Villamil case:

"As this record may be made in some form the note of the registrar must be reversed and a record made."